IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA, )
)
        Plaintiff, )
)
vs. ) Case No. 07-CR-30030-MJR
)
BRANDON L. SINGLETON, )
)
        Defendant. )

## ORDER ON LIMITED REMAND FROM COURT OF APPEALS

REAGAN, District Judge:

Pursuant to a May 2007 guilty plea, Brandon Singleton was convicted of one count of distributing five or more grams of crack cocaine. On October 1, 2007, the undersigned Judge sentenced Singleton to 210 months in prison, followed by 5 years of supervised release, plus a special assessment and fine. Judgment was entered on October 3, 2007, and Singleton appealed.

On November 24, 2008, the United States Court of Appeals for the Seventh Circuit issued a limited remand, directing this Court to "inform us whether it wishes to resentence Singleton in light of *Kimbrough*." *United States v. Singleton*, 548 F.3d 589, 595 (7th Cir. 2008). In *Kimbrough v. United States*, - U.S. -, 128 S. Ct. 558 (2007), the United States Supreme Court held that a district judge properly can consider the crack-to-cocaine-powder disparity (often referred to as the "100:1 ratio") in deciding whether to impose a below-guidelines sentence.

In the opinion issuing the limited remand herein, the Seventh Circuit noted:

> Singleton did not argue in the proceedings below that applying the 100:1 ratio would yield an unreasonable sentence, and we cannot determine whether the district court would have taken the ratio into account had it not been constrained by our pre-*Kimbrough* precedents....
> Accordingly, we issue a limited remand to allow the district court to inform us whether it wishes to resentence Singleton....

*Singleton*, 548 F.3d at 594. The Seventh Circuit added that this District Court should make this determination via proceedings consistent with *United States v. Taylor*, 520 F.3d 746, 748-49 (7th Cir. 2008).

In the wake of the limited remand, the undersigned Judge conducted a status conference with counsel on January 16, 2009 to discuss what steps would be taken and to set a briefing schedule regarding possible resentencing. On May 8, 2009, with the parties having fully briefed the question on limited remand (*see* Docs. 62 & 64), the Court was prepared to hold a hearing but learned that Defendant Singleton was in the District and wished to attend the hearing. The Court continued the hearing until May 20, 2009, at which time Singleton appeared and participated in the hearing conducted by the undersigned Judge.

Having reviewed the relevant caselaw and considered the briefs filed herein, the exhibits introduced at the May 20th hearing and the arguments of counsel, for the reasons explained on the record, the undersigned Judge **FINDS** that resentencing Defendant Singleton is appropriate and necessary under the circumstances.

The undersigned Judge hereby advises the Court of Appeals that he does want to resentence Singleton herein and respectfully asks the Court of Appeals to remand the case for resentencing in this District.

Finally, so that the docket sheet contains a complete record of the process culminating in this Order (and the anticipated resentencing hearing), the Clerk of Court shall scan and docket separately from this Order a copy of the Court of Appeals' November 24, 2008 opinion.

IT IS SO ORDERED.

DATED this 20th day of May 2009.

s/ *Michael J. Reagan*
MICHAEL J. REAGAN
United States District Court